**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001943
31-MAR-2014
10:21 AM**

NO. CAAP-13-0001943


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JANE DOE, Plaintiff-Appellee v.
JOHN DOE, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(UCCJEA NO. 03-1-0011)


SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant John Doe (Appellant), *pro se*, appeals from a May 22, 2013[1] Family Court of the First Circuit's (Family Court)[2] post-judgment order granting in part and denying in part Appellant's December 20, 2012 post-judgment Hawai'i Family Court Rules (HFCR) Rule 60(b) motion for post-decree relief (Order For Post-Decree Relief) to decrease his child support obligation and to pay that support directly to the children, to order that Plaintiff-Appellee Jane Doe (Appellee) provide medical insurance coverage to their two children, and to order a DNA paternity test.  Appellant also challenges the Family Court's Order Denying Appellant's Motion for Reconsideration Filed May 29, 2013 (Order Denying Reconsideration).

---

[1]     Appellant incorrectly designates the appealable order as the June 18, 2013 order denying his May 29, 2013 Motion for Reconsideration instead of the May 22, 2013 order resolving his post-decree motion.

[2]     The Honorable Bode A. Uale presided.

As best as can be discerned,[3] Appellant's main contention on appeal is that the Family Court erred in failing to recognize Appellee's interception of letters he had mailed to their two children, proffered as Exhibit B, resulting in diminished father-child relations. After reviewing the arguments contained in Appellant's opening brief,[4] the record on appeal, and applicable legal authorities, we resolve Appellant's appeal as follows and affirm.

In its Order For Post-Decree Relief, the Family Court, among other things, denied Appellant's requests for paternity testing and direct child support payment to the children, and ordered that child support be substantially reduced, retroactive to January 1, 2013, and that child support continue to be paid through the CSEA.

We first note that although Appellant challenges the Family Court's order, he fails to include transcripts of the May 22, 2013 hearing on his motion for post-decree relief, making it difficult, if not impossible, to ascertain what was argued and what the Family Court's reasons were for rejecting Exhibit B. HRAP Rule 10 imposes an obligation on the appellant to order

---

[3] Appellant's brief does not adhere to Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4). In particular, the brief does not point to where in the record the alleged error occurred or where Appellant objected or brought the error to the Family Court's attention. HRAP Rule 28(b)(4)(ii)-(iii). Nevertheless, consistent with this court's policy to reach the merits of an appeal if possible, Housing Fin. & Dev. Corp. v. Ferguson, 91 Hawai'i 81, 85-86, 97 P.2d 1107, 1111-12 (1999) (quoting Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995)), we will address Appellant's arguments to the extent we can ascertain them.

[4] Appellee did not file an answering brief in this appeal. However,

>[T]he burden is on appellant to convince the appellate body that the presumptively correct action of the circuit court is incorrect. . . . So great is the burden on appellant to overcome the presumption of correctness that appellee's failure to file an answering brief does not entitle appellant to the relief sought from the appellate court, even though the court may accept appellant's statement of facts as correct.

Exotics Hawaii-Kona, Inc. v. E.I. DuPont De Nemours & Co., 116 Hawai'i 277, 310, n.21, 172 P.3d 1021, 1054 n.21 (2007) quoting Costa v. Sunn, 5 Haw. App. 419, 430, 697 P.2d 43, 50-51 (1985).

transcripts of oral proceedings before the trial court when the "appellant desires to raise any point on appeal that requires consideration of [such] oral proceedings[.]" HRAP Rule 10(b)(1)(A); see Bettencourt, 80 Hawai'i at 230, 909 P.2d at 558 ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript.") (citation, internal quotation marks, and brackets omitted). Here, Appellant filed a certificate that no transcripts be prepared for his appeal. Thus, Appellant has failed to meet his burden of providing an adequate record to show error and we could decline to consider his arguments on this basis alone. HRAP Rule 10(b)(1)(A); see Bettencourt, 80 Hawai'i at 230, 909 P.2d at 558 (stating that an appellant has the burden and responsibility to provide a sufficient record and show error) (citation omitted).

"It is well settled, however, that the appellate court may affirm a lower court's decision on any ground in the record supporting affirmance, even if not cited by the lower court." Kiehm v. Adams, 109 Hawai'i 296, 301, 126 P.3d 339, 344 (2005). Here, although the record does not reveal the reason for the Family Court's ruling, the record supports the Family Court's exclusion of Exhibit B under Hawaii Rules of Evidence (HRE) Rules 401 and 402[5] as they were not relevant to the issues raised in Appellant's Motion for Post-Decree Relief.

Appellant's May 29, 2013 Motion for Reconsideration also challenged the Family Court's exclusion of Exhibit B. Consequently, the Family Court correctly denied this motion on the basis that Appellant proffered no new evidence. Taqupa v. Taqupa, 108 Hawai'i 459, 465, 121 P.3d 924, 930 (App. 2005) ("The purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been

---

[5] HRE Rule 402 states in pertinent part: "Evidence which is not relevant is not admissible." HRE Rule 401 provides: "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

presented during the earlier adjudicated motion.") (citation and brackets omitted).

Accordingly, the May 22, 2013 Order Granting in Part and Denying in Part the Motion for Post-Decree Relief entered by Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, March 31, 2014.

On the briefs:

John Doe,
Defendant-Appellant, *pro se.*

Presiding Judge

Associate Judge

Associate Judge